Upon review of the competent evidence of record with respect to the errors assigned, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, with modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. There existed between the plaintiff and defendant-employer the relationship of employee/employer at all relevant times.
3. Defendant-employer was an approved self-insured at the time of the alleged injury.
4. Plaintiff's average weekly wages will be determined from the Form 22 submitted at the hearing before the Deputy Commissioner.
5. It was agreed that plaintiffs medical records relating to the medical treatment he received for his alleged injuries are made a part of this record along with plaintiff's and Susan Tobin's recorded statements.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner, with modifications, and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was thirty years old at the time of the hearing before the Deputy Commissioner. He has completed high school and taken courses in auto body repair and business.
2. Plaintiff began working for defendant-employer in August 1995 as a dye room attendant.
3. On or about 8 December 1995, plaintiff and another employee were cleaning out the scales underneath the mixers. They had placed the scales on a stick while they cleaned from under it. Plaintiff lifted the scales so his fellow employee could remove the stick and while he was holding the scales, he felt pain in his back.
4. Plaintiff immediately reported the incident to his supervisor Susan Tobin. Plaintiff was sent to see Dr. Mark Beck. Dr. Beck treated plaintiff's condition with medication. When plaintiff did not realize any improvement in his condition he asked and was allowed to see Dr. Richard A. Black, a chiropractic physician. Dr. Black diagnosed plaintiff's condition as L-5, S-1 disc bulging and some stretch across the sciatic nerve.
5. Dr. Black treated plaintiff on three separate occasions and released plaintiff to return to work on 2 January 1996, without any restriction. Plaintiff returned to work at his regular position at the same rate of pay as he was making at the time of the incident on 8 December 1995. During treatment for his injury, plaintiff was placed on light duty and he continued to receive his regular wages.
6. On or about 13 May 1996, plaintiff was sweeping out mixer number three. He alleged that as he was reaching around the paddle to sweep, he felt a pain shoot through the middle and lower part of his back. He came out of the mixer and told his supervisor that he had injured his back while sweeping out mixer number three immediately before his break.
7. When plaintiff arrived for work on 13 May 1996, he had indicated that his back was hurting due to his waterbed. Plaintiff was late due to his back pain.
8. Plaintiff told Otis Bolen that he had slipped and fallen in the mixer on 13 May 1996 and had hurt his back. Joseph Sutton, a co-worker, overheard plaintiff when he told how he had injured his back.
9. Following the incident of 13 May 1996, plaintiff went to Dr. Black for treatment. Dr. Black treated plaintiff until plaintiff was directed by defendants to get treatment from Dr. Paul Harkins. Dr. Harkins first saw and treated plaintiff on or about 13 June 1996.
10. Plaintiff advised Dr. Harkins that he felt a sharp pain on 13 May 1996 while he was sweeping out a mixer. Dr. Harkins diagnosed plaintiff's condition as ruptured or degenerated disc at T7-8 on the left, L4-5 and L5-S1. It was Dr. Harkins opinion that the rupture of the disc did not come from the alleged incident of 13 May 1996. Dr. Harkins found that plaintiff's complaints were consistent with his findings of ruptured or degenerated disc at the noted locations, but Dr. Harkins "couldn't come to any real good understanding as to how he came about having this pain."
11. Dr. Harkins was unable to relate plaintiff's complaints to any injury that he may have had while in the course and scope of his employment with defendant-employer.
12. Plaintiff did not miss any time from work as a result of his injury of 8 December 1995, and defendants have paid all of the medical expenses associated with this injury. Defendants have also paid a portion of plaintiff's medical expenses associated with the alleged 13 May 1996 incident.
13. Plaintiff's average weekly wage at the time of each of the alleged incidents was $452.32, yielding a compensation rate of $301.56.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident on 8 December 1995 while in the course and scope of his employment with defendant-employer. Plaintiff did not sustain an injury by accident or specific traumatic incident on 13 May 1996 while in the course and scope of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of his injury by accident on 8 December 1995 plaintiff did not miss any time from work and is not entitled to any disability benefits.
3. Defendants are obligated to pay all medical expenses incurred or to be incurred as a result of plaintiff's compensable injury on 8 December 1995, to the extent that the treatment will effect a cure, give relief, or tend to lessen the period of plaintiff's disability. N.C. Gen. Stat. § 97-2(19).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER AND AWARD
1. Defendants shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his 8 December 1995 compensable injury when bills for same have been submitted to and approved by the Industrial Commission.
2. Plaintiff's claim for compensation and benefits for the alleged injury of 13 May 1996 is DENIED.
3. Defendants shall pay the costs of this action.
 S/ _________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ___________________ LAURA K. MAVRETIC COMMISSIONER